**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Jason Loyd, et al., | No. CV-22-02065-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| McKesson Corporation, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Strike the Expert Testimony and Report of Plaintiffs' Expert Witness Larry D. Stokes. (Doc. 95.) The motion is fully briefed (Docs. 100, 101) and for reasons set forth below is denied.[1]

Defendants seek to strike the opinions of Dr. Stokes, an economist, concerning Plaintiffs' claim of economic loss. Economists' opinions of economic loss are one of the most common types of expert opinions presented in trial court. The opinions are based on recognized economic analysis. Here, as is typical, Dr. Stokes based his opinions on Plaintiffs' earnings history, including the value of fringe benefits. Economists typically rely on W-2's, personal information supplied by plaintiffs in answers to economists' questionaries, and employers' information about compensation. The economist totals the economic loss over the relevant time and then, using an interest rate the economist

---

[1] Plaintiffs' request for oral argument is denied because the issues are adequately briefed, and oral argument will not assist the Court in resolving them.

estimates to reasonably reflect future economic conditions, will make calculations to bring the total back to its present value. Dr. Stokes did that here.

Federal Rule of Evidence 702 requires that expert testimony be based on sufficient facts or data. The essence of Defendants' motion is that even though Dr. Stokes' methods are reliable, his opinions are not reliable because he did not remember certain facts and dates at his deposition, he relied on unverified information provided by Plaintiffs or Plaintiffs' counsel, and he made an error in his calculations that was later corrected.

Defendants' motion lists seven items Dr. Stokes did not recall at his deposition. (Doc. 95 at 2-3.) However, Defendants have not shown that these seven items are information essential to Stokes' opinions. For example, Defendants argue that "Dr. Stokes did not know how he was retained for this case or when he began working on the analysis," (*Id.* at 2) but fail to explain how this information is necessary foundation for his opinions. The same is true for whether he remembered if "he reviewed any of the reports before they were finalized," or "what information was requested from Plaintiffs or their legal counsel to prepare the analyses or where Plaintiffs were interviewed for their reports." (*Id.* at 3.) Expert reports are hearsay and normally not admitted at trial, absent stipulation. Experts are expected to be prepared to discuss their opinions and the basis of their opinions when they are deposed. But if an expert does not remember how the data was gathered or who prepared what portion of a report, his opinion is not discarded if the report sufficiently details the information he relied on in reaching his opinions. Typically, the expert is allowed to review his report and refresh his memory. What is important is that Dr. Stokes adopted the reports, and they accurately reflect the data he relied on and disclose his opinions. Defendants have not addressed the facts and data Dr. Stokes used in reaching his opinions. That he did not remember at his deposition seven questions asked by Defense counsel might make for fruitful cross-examination, but his failure to remember when he was employed or what information was requested of Plaintiffs does not show he lacked reliable data.

Defendants also argue that Dr. Stokes' opinions should be excluded at trial because he "conceded that there were multiple errors in his initial reports at least one of which was a 'pretty obvious mistake' which 'had a substantial impact.'" (Doc. 95 at 9-10.) However, Dr. Stokes' initial reports were revised, and the conceded errors were corrected. That an expert makes errors that are later corrected in supplemental reports does not show that the expert's opinions lack sufficient facts or data. A few inconsequential errors in an initial report that was later revised to correct the errors do not warrant the exclusion of the expert's opinions. *See Kennedy v. Collagen Corp.,* 161 F. 3d 1226, 1230-31 (9th Cir. 1998).

The motion also seeks exclusion of Dr. Stokes' opinions from trial because he relies on unverified information provided by Plaintiffs or their counsel. There is no basis to expect an expert to personally interview Plaintiffs and verify their history. To the contrary, Fed. R. Evid. Rule 703 specifically authorizes experts to base opinions "on facts or data in the case *that the expert has been made aware of* or personally observed." (Emphasis added.)

**IT IS ORDERED** that Defendants' Motion to Strike the Expert Testimony and Report of Plaintiffs' Expert Witness Larry D. Stokes (Doc. 95) is **DENIED**.

Dated this 12th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge