**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Jason Loyd, et al., | No. CV-22-02065-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| McKesson Corporation, et al., | |
| Defendants. | |

Before the Court is a motion by Defendants McKesson Corporation and McKesson Medical-Surgical Inc. (collectively, "McKesson") to sever the claims of Plaintiffs R. Jason Loyd, Troy Sloneker, and Dianna Wynn (collectively, "Plaintiffs"). (Doc. 116.) The motion is fully briefed.[1] (Docs. 120, 121.) For the following reasons, the Court denies the motion.

## I.      Background[2]

This case concerns McKesson's alleged failure to accommodate Plaintiffs' religious beliefs in the administration and enforcement of its COVID-19 Vaccination Protocol. McKesson employed Plaintiffs as Account Managers, and in their role, Plaintiffs sold medical products and services to healthcare providers within respective geographic areas. (Docs. 1 ¶ 16; 96-2 at 9, 32; 96-4 at 45.) As a result of the spread of the COVID-19

---

[1] Oral argument is denied because the motions are adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] The facts of this case are more fully set forth in the Court's order partially granting McKesson's motion for summary judgment, *Loyd v. McKesson Corp.*, No. CV-22-2065-PHX-DLR, 2025 WL 563452 (D. Ariz. Feb. 20, 2025.)

pandemic, McKesson implemented its Vaccination Protocol, which provided that certain employees, including Plaintiffs, were required to become fully vaccinated by November 15, 2021. (Doc. 96-5 at 93.) It also provided that covered employees could apply for an exemption to the requirement based on sincerely held religious beliefs. (*Id.* at 96.) Where McKesson denied an exemption request, however, the covered, non-exempt employee would have to become vaccinated, or she would be terminated. (*Id.* at 94.)

Plaintiffs each submitted exemption requests and participated in interviews with third-party human resources professionals, but McKesson ultimately denied their requests. (Docs. 96-3 at 3–4; 96-5 at 142–43; 96-6 at 21–22, 31, 55.) Following the denials, no Plaintiff obtained a vaccine by the deadline provided, and thus, McKesson terminated them in accordance with the Vaccination Protocol. (Docs. 96-2 at 6, 52; 96-5 at 42–43.) In response to their terminations, Plaintiffs brought this lawsuit, alleging discrimination and retaliation claims. (Doc. 1 at 6–9.) The Court partially granted McKesson's motion for summary judgment, leaving only Plaintiffs' discrimination claims for McKesson's failure to accommodate their religious beliefs. *See Loyd v. McKesson Corp.*, No. CV-22-2065-PHX-DLR, 2025 WL 563452 (D. Ariz. Feb. 20, 2025.) McKesson moves to sever Plaintiffs' claims based on improper joinder under Federal Rule of Civil Procedure 20(a), or in the alternative, in the interest of avoiding prejudice under Rules 21 and 42(b). (Doc. 116 at 1.)

## II.    Analysis

### a.  Plaintiffs meet the requirements for permissive joinder.

McKesson argues that the criteria for permissive joinder are not met, so the Court should sever Plaintiffs' claims. (Doc. 116 at 5–6.) Joinder of plaintiffs in a single claim is permitted when (1) the plaintiffs assert a right to relief that arises out of the same transaction or occurrence, and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). If the criteria are not met, and if no substantial right is prejudiced by the severance, the court may sever the improperly joined parties. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

#### i. Same Transaction or Occurrence Requirement

McKesson contends that Plaintiffs' claims do not arise from the same transaction or occurrence because Plaintiffs "proffered varying and sometimes conflicting beliefs underlying their objections" to the vaccine, which will be established in trial using different witnesses. (Doc. 116 at 5.) McKesson cites to *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279, 1286 (D.N.M. 2002), to support its position. In *Sheets*, the court found the plaintiffs' claims did not arise from the same transaction or occurrence where they were "discharged at different times for allegedly different reasons and under different circumstances." 213 F. Supp 2d at 1286. Thus, there was "no logical relationship binding together [the plaintiffs'] individual claims." *Id.*

Plaintiffs respond that Plaintiffs' claims arise from the same series of transactions or occurrences because "the same policy, same timeframe, same considerations, and practically all the same people were involved[.]" (Doc. 120 at 3.) Moreover, Plaintiffs will be the primary witnesses testifying as to the nature and sincerity of their own religious beliefs. (*Id.*)

The Court agrees with Plaintiffs. The transaction or occurrence criteria "requires factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). But "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending on the immediateness of their connection as upon the logical relationship." *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593 (1926); *see also In re TLC Hosps., Inc.*, 224 F.3d 1008, 1012 (9th Cir. 2000) (The "crucial factor in determining whether two events are part of the same transaction is the 'logical relationship' between the two.").

The requisite "logical relationship" is present here. Plaintiffs all objected to the Vaccination Protocol based on their sincerely held religious beliefs. McKesson denied all Plaintiffs' requests for exemption.[3] Plaintiffs all refused to comply with the Vaccination

---

[3] And some evidence suggests that the decision to deny each Plaintiff's exemption request may have been done simultaneously, in one fell swoop, by one decisionmaker at McKesson. (*See* Docs. 96-5 at 7–8; 96-6 at 55.)

Protocol despite denial of their exemption requests. Plaintiffs were all terminated at the same time pursuant to the Vaccination Protocol. In other words, unlike the plaintiffs in *Sheets*, Plaintiffs here were discharged at the *same* time for the *same* reasons and under the *same* circumstances.

### ii.  Common Question of Fact or Law Requirement

The second criteria requires "the presence of 'any' common question of law or fact—it does not require the absence of any dissimilar questions." *Longoria v. Kodiak Concepts LLC*, No. CV-18-02334-PHX-DWL, 2020 WL 1509353, at *3 (D. Ariz. Mar. 30, 2020). The only remaining claim here for each Plaintiff is a failure-to-accommodate claim. Thus, there is at least one question of law—indeed, the principal question—that is common to all Plaintiffs. That is, did McKesson discriminate against the Plaintiffs because of their religion by failing to accommodate their sincerely held religious beliefs? And that question itself includes other, related questions, all of which are common to all Plaintiffs. For instance, are Plaintiffs religious beliefs sincerely held? Did Plaintiffs religious beliefs conflict with the Vaccination Protocol? Did McKesson initiate good faith efforts to accommodate reasonably Plaintiffs' religious practices? Would accommodating Plaintiffs' religious beliefs have worked an undue hardship on McKesson? That these questions may yield different answers depending on the Plaintiff does not mean the questions aren't common to them.

Moreover, the same analysis that demonstrates Plaintiffs' claims arose from the same transaction or occurrence similarly demonstrates the significant factual overlap among them. A single decisionmaker terminated Plaintiffs' employment at the same time and pursuant to a single policy. There are common questions of law and fact here.

### b.  Principles of judicial economy and fairness are best served by denying severance.

McKesson argues that even if the criteria for permissive joinder are met, the Court should exercise its discretion to sever the trials to avoid prejudice to them and to promote judicial economy and fairness. (Doc. 116 at 7.)  Rule 21 provides that "the court may, at

any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Rule 42(b) provides that the court may order separate trials "to avoid prejudice" or to "expedite and economize." Fed. R. Civ. P. 42(b). McKesson contends that presenting Plaintiffs' claims in a single trial may bias the jury against them and confuse the jury about the individual claims. (*Id.* at 7.)

Plaintiffs respond by comparing this case to *Longoria*. There, the court denied a motion to sever under Rules 21 and 42(b) because "convenience" and "savings to judicial economy" weighed against severance. *Longoria*, 2020 WL 1509353, at *3. The court explained that a single, longer trial would "almost certainly require less time and judicial resources" than multiple, shorter trials and would "reduce the costs borne by the parties, avoiding unnecessarily duplicative attorneys' fees and expert testimony." *Id.* And "any potential prejudice to [the defendant] from jointly trying [the] claims can be addressed through limiting instructions." *Id.*

The circumstances here are like those in *Longoria*. A single, longer trial would almost certainly require less time and judicial resources than three short trials. There are overlapping witnesses and evidence, and three shorter trials would generate unnecessary costs and duplicative attorneys' fees and expert testimony. As in *Longoria*, considerations of convenience and judicial economy counsel against severance. The Court can address any potential prejudice resulting from presenting evidence specific to each Plaintiff with limiting instructions, which juries are fully capable of understanding and following. Therefore,

**IT IS ORDERED** that McKesson's motion to sever (Doc. 116) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic trial scheduling conference on **Tuesday, May 13, 2025, at 2:30 p.m.** (Arizona time). Call-in instructions will be provided via separate email.

Dated this 5th day of May, 2025.

Douglas L. Rayes
Senior United States District Judge